Sandra L. Jacquot Shawnee County Counselor Courthouse 200 S.E. 7th St., Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
As Shawnee county counselor you request our opinion whether personnel policies of the Shawnee county treasurer's office are in violation of the Kansas wage payment act, K.S.A. 44-313 et seq. The personnel policies in pertinent part provide:
 "A. Any employee having or reaching an accumulative total of $5.00 or more of shortages shall be given the opportunity to reimburse the County the total shortage(s) or receive a first letter of warning. Such shall constitute a first occurrence.
 "B. Any employee reaching an accumulative total of $10.00 or more of shortages shall be given the opportunity to reimburse the County the total shortages or receive a second letter of warning. Such shall constitute a second occurrence.
 "C. Any employee reaching an accumulative total of $15.00 or more of shortages shall be given the opportunity to reimburse the County the total shortages or receive a three (3) days suspension without pay. Such shall constitute a third occurrence.
 "D. Any employee reaching an accumulative total of $20.00 or more of shortages shall be given the opportunity to reimburse the County the total shortages or be dismissed. Such shall constitute a fourth occurrence.
 "E. Any employee who is missing or cannot account for $20.00 or more at any one time shall be given the opportunity to reimburse the County the total shortage. Otherwise, the employee shall be questioned and the shortage may be investigated, and the employee may subsequently be disciplined (reprimanded) or dismissed if such action is justified."
In adopting the Kansas wage payment act, the Kansas legislature was primarily concerned with protecting employees from the coercive policies of employers.
 "The primary purpose of the legislation was to protect employees from the docking or shorting of pay to cover alleged shortages. There was a recognition that the absence of statutory constraints served as an invitation to employers to withhold from an employee wages earned, and benefits such as vacation pay, contributions to pension and welfare funds, and to otherwise manipulate and prey upon employees through misleading statements relative to the terms and conditions of employment." Dangerfild v. Montgomery Ward, 236 Kan. 594 at 600 (1985).
K.S.A. 44-319(a) provides:
 "No employer may withhold, deduct or divert any portion of an employee's wages unless: (1) The employer is required or empowered to do so by state or federal law; (2) the deductions are for medical, surgical or hospital care or service, without financial benefit to the employer, and are openly, clearly and in due course recorded in the employer's books; or (3) the employer has a signed authorization by the employee for deductions for a lawful purpose accruing to the benefit of the employee."
The personnel policy of the Shawnee county treasurer's office does not fall under the first two of the three enumerated exceptions of K.S.A.44-319. The Shawnee county treasurer's office has no state or federal authority on which to withhold these wages, and the withheld wages were not for medical, surgical or hospital care. The critical question is whether the option of the employees to reimburse cash shortages in lieu of incurring disciplinary action is prohibited by K.S.A. 44-319(a)(3).
K.A.R. 49-20-1(a)(2) states:
 "The following deductions shall not be considered authorized deductions `accruing to the benefit of the employee" within the meaning of K.S.A. 44-319(a)(3): (A) Deductions made for cash and inventory shortages; breakage; returned checks or bad credit card sales; losses to employers resulting from burglaries, robberies, or alleged negligent acts. (B) deductions made for uniforms, special tools or special equipment which are not necessary to the performance of the assigned duties and are customarily supplied by the employer; (C) any other deduction not set out by K.S.A. 44-313 et seq. or permitted by these rules and regulations." (Emphasis added).
K.S.A. 44-319 prohibits withholding, deduction and diversion of wages. We believe that diversion means something other than refusal to pay over wages from the source, to cover circumstances in which the employees are required to repay cash shortages in order to escape disciplinary actions against them. This is the same conclusion reached by the Wyandotte county district court when addressing similar factual situations. (Sunflower Racing Inc. v. Kansas Dept. of Human Resources, Case No. 92C-02130, Memorandum Decision on January 26, 1993).
A question may arise as to whether an employee's out of pocket payment, at the time of the register shortage, is a withheld "wage" within the meaning of K.S.A. 44-313. The Kansas wage payment act defines "wages" as: "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission orother basis less authorized withholding and deduction." (Emphasis added). K.S.A 44-313(c). The term "other basis" is defined as:
 "[A]ll agreed compensation for services for which the conditions required for entitlement, eligibility, accrual or earning have been met by the employee. Such compensation may include, but is not limited to, profit sharing, fringe benefits, or compensation due as a result of services performed under an employment contract that has a wage rate required or implied by state or federal law. Conditions subsequent to such entitlement, eligibility, accrual or earning resulting in a forfeiture or loss of such earned wage shall be ineffective and unenforceable." (Emphasis added). K.A.R 49-20-1(d).
The effect of a payment scheme involving "conditions subsequent" to the payment of wages, within the meaning of K.A.R. 49-20-1(d), was addressed by the Kansas Court of Appeals in Yuille v. Pester Marketing Co,9 Kan. App. 2d 464 (1984). The Yuille Court held that the payment of a monthly bonus to managers, reduced by the amount of register shortages of their employees, was a "condition subsequent" to payment of wages, and thus, was in violation of K.S.A. 44-313(c). Yuille, at 469. The Yuille
Court went on to state: "assuming, arguendo, that the deductions, through a more artfully crafted employment agreement were set out as condition precedent, this Court believes these conditions of employment should be declared unreasonable and unenforceable as violative of the spirit and letter of the Kansas Wage and Hour Act." Yuille, at 469.
The personnel policies of the Shawnee county treasurer's office result in a diversion of employees' wages to cover cash shortages. We agree with the reasoning and analysis of the Wyandotte county district court when it stated:
 "Once an employee receives wages from the employer, the employer may not subsequently require the employee to repay money for shortages which occurred during the preceding pay period. K.S.A. 44-313(c) and K.A.R. 49-20-1(d). Conditions subsequent to payment of wages resulting in a forfeiture of loss of earned wages are ineffective and unenforceable. Under the plan in this case, once employees have received wages, any coerced reimbursement of cash shortages constitutes a condition subsequent to the payment of wages and is prohibited. The repayment is presumed to have worked a reduction of forfeiture in earned wages.
 "Employee's deductions for state and federal income tax and other lawful purposes are calculated based upon wages paid. The repayment of shortages as a condition of employment necessarily results in a reduction of wages which is not reflected in the employer's records. This plan results in an incorrect statement of employee's income to the taxing authorities in contravention of reporting requirements.
 "The policy at issue makes no distinction between shortages which may be the `fault' of employees and those shortages arising from equipment malfunction, customer refusal to pay, or simple negligence. There is no justification in holding employees responsible for shortages which are a normal risk of the employer. While the employer is free to discipline an employee for cash shortages or overages occurring on their terminal, the repayment of cash shortages from earned wages is prohibited under the wage payment act." Sunflower Racing, Inc., supra.
In conclusion, the personnel policy giving employees an option to reimburse cash shortages in lieu of incurring disciplinary action is in violation of K.S.A. 44-319.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas